| | |
|---|---|
| ☐ Small Claims   ☐ County Court   ☒ District Court<br>☐ Probate Court   ☐ Juvenile Court   ☐ Water Court<br>Pueblo County, Colorado<br><br>Court Address: Pueblo County Judicial Building,<br> 320 West Tenth Street, Pueblo, Colorado 81003<br><br>JOHN DOE NO. 12,<br><br>      Plaintiff,<br><br>v.<br><br>BISHOP OF PUEBLO, a corporation sole, and<br>THE MARIANISTS PROVINCE OF THE<br>UNITED STATES,<br><br>      Defendants. | ▲  COURT USE ONLY  ▲<br><br>Case Number:<br>06 CV 512<br><br>Div.:      Ctrm: |
| Alan G. Molk, No. 10988<br>Attorney for Plaintiff<br>8400 So. Fiddlers' Green Circle, Ste # 1920<br>Englewood, Co. 80111<br>Phone (303) 290-8808<br>Fax (303) 290-8851<br>E-Mail alanmolk@aol.com<br><br>Jeffrey M. Herman, Esq.<br>(not yet admitted Pro Hac Vice)<br>HERMAN & MERMELSTEIN, P.A.<br>18205 Biscayne Blvd.<br>Suite 2218<br>Miami, Florida  33180<br>www.hermanlaw.com<br><br>Phone Number:   (305) 931-2200<br>FAX Number:     (305) 931-0877<br>E-mail:          jherman@hermanlaw.com<br>Atty. Reg. #: | |
| COMPLAINT | |

Plaintiff, JOHN DOE NO. 12, hereby brings this Complaint against Defendants, BISHOP

OF PUEBLO and THE MARIANISTS PROVINCE OF THE UNITED STATES, and alleges as

follows:

## PARTIES AND JURISDICTION

1.      Plaintiff, JOHN DOE NO. 12, is an adult male who resides in Arvada, Colorado. Plaintiff is identified by the pseudonym JOHN DOE NO. 12 in that this case involves childhood sexual abuse.

2.      Defendant, BISHOP OF PUEBLO, is a corporation sole responsible for the operations of the Diocese of Pueblo and the interests of the Roman Catholic Church in southern Colorado. The BISHOP OF PUEBLO's jurisdiction and responsibilities include the operations of all Catholic schools within its geographical boundaries.  At all material times, the BISHOP OF PUEBLO owned and operated Roncalli High School, an all-boys Catholic high school in Pueblo, Colorado.

3.      Defendant, MARIANISTS PROVINCE OF THE UNITED STATES, ("MARIANISTS"), is a Catholic religious Order and non-profit Missouri corporation doing business in Colorado.  At all relevant times, MARIANISTS obtained consent from the BISHOP OF PUEBLO to staff and administer Roncalli High School with priests and monks from the Society of Mary.   Defendants, BISHOP OF PUEBLO and MARIANISTS, are collectively referred to herein as the "Defendants."

4.      At all material times, Brother William Mueller ("BROTHER MUELLER") was a member of the MARIANISTS' Religious Order and a band director at Roncalli High School. BROTHER MUELLER was a popular teacher at Roncalli High School who was often hugging and wrestling with the students.

5.      Upon information and belief, Defendant, BISHOP OF PUEBLO's principal place of business is within the City and County of Pueblo, making venue proper.

## SEXUAL ABUSE OF JOHN DOE NO. 12

6.      JOHN DOE NO. 12 was born in October 1955.  He was raised in a devout Catholic household and participated in the Church as an altar boy during his youth.  His entire

formal education was at Catholic schools operated by the BISHOP OF PUEBLO.

7.     JOHN DOE NO. 12 attended Roncalli High School in Pueblo, Colorado as a freshman and sophomore from Fall 1969 through Spring 1971. At Roncalli, JOHN DOE NO. 12 participated in the band, which was led by BROTHER MUELLER.

8.     In February 1971, while JOHN DOE NO. 12 was a sophomore at Roncalli, BROTHER MUELLLER asked JOHN DOE NO. 12 to meet him in the bandroom after school to help out with a "special project" he was working on to obtain a master's degree in psychology.

9.     When JOHN DOE NO. 12 arrived in the bandroom, he read a note on the piano that said, "Sit down in the chair with your back to the door." JOHN DOE NO. 12 followed BROTHER MUELLER's handwritten instructions. BROTHER MUELLER entered the room a few minutes later, turned the lights off, blindfolded JOHN DOE NO. 12, and tied his hands together. BROTHER MUELLER then took a cloth soaked in ether and placed it over JOHN DOE 12's mouth and nose. BROTHER MUELLER seized this opportunity to sexually abuse JOHN DOE NO. 12 while he was in this vulnerable state.

10.     JOHN DOE NO. 12 reported his abuse by BROTHER MUELLER to Father Richard O'Shaughnessy, a member of the MARIANISTS who taught English at Roncalli High School. Following this report, BROTHER MUELLER was not reprimanded or disciplined by Defendants, and limits or restrictions were placed on his duties at Roncalli High School.

11.     BROTHER MUELLER abused other students at Roncalli High School in the same or similar manner that he abused JOHN DOE NO. 12.   BROTHER MUELLER also abused students at other schools where he was assigned by the MARIANISTS.

12.     At the time he was sexually abused, JOHN DOE NO. 12 was unaware that Defendants knew that BROTHER MUELLER sexually abused other students. Thus, JOHN DOE NO. 12 was also unaware that the Defendants' failure to take any action against BROTHER MUELLER contributed to his own abuse.

13.     After finding out about BROTHER MUELLER's sexual abuse of minors, the

Defendants actively took steps to conceal the abuse in order to protect BROTHER MUELLER, conceal Defendants' own wrongdoing in supervising BROTHER MUELLER, and prevent JOHN DOE NO. 12 and other victims of BROTHER MUELLER from filing a civil lawsuit.

14.    BROTHER MUELLER and JOHN DOE NO. 12 were in a fiduciary relationship. BROTHER MUELLER held a special position of trust and confidence with JOHN. JOHN DOE NO. 12 looked to BROTHER MUELLER for counseling and guidance.

15.    The Defendants were in a fiduciary relationship with JOHN DOE NO. 12. JOHN DOE NO. 12 placed his trust and confidence in the Defendants' institutions. JOHN DOE NO. 12 looked to the Defendants and their representatives for counseling and guidance. In addition, the Defendants knew that JOHN DOE NO. 12 had a special and privileged relationship with BROTHER MUELLER. Each Defendant owed JOHN DOE NO. 12 a fiduciary duty to:

    (a)    Investigate and warn JOHN DOE NO. 12 of the potential for harm from BROTHER MUELLER;

    (b)    Disclose its awareness of facts regarding BROTHER MUELLER that created a likely potential for harm;

    (c)    Disclose its own negligence with regard to hiring, supervision and retention of BROTHER MUELLER;

    (d)    Provide a safe environment for JOHN DOE NO. 12 where he would be free from abuse; and

    (e)    Protect JOHN DOE NO. 12 from exposure to harmful individuals like BROTHER MUELLER.

16.    Each Defendant breached its fiduciary duty to JOHN DOE NO. 12 by failing to:

    (a)    Investigate and warn JOHN DOE NO. 12 of the potential for harm from BROTHER MUELLER;

    (b)    Disclose its awareness of facts regarding BROTHER MUELLER that created a likely potential for harm;

(c)   Disclose its own negligence with regard to hiring. supervision and retention of BROTHER MUELLER;

(d)   Provide a safe environment for JOHN DOE NO. 12 where he was free from abuse; and

(e)   Protect JOHN DOE NO. 12 from exposure to harmful individuals like BROTHER MUELLER.

17.   Each Defendant actively and fraudulently concealed information pertinent and relevant to claims relating to the sexual abuse in this matter for the purpose of protecting itself from civil liability and evading same.

## *NEGLIGENCE*

18.   Plaintiff repeats and re-alleges Paragraphs 1 through 17 above.

19.   At all material times, the Defendants owed a duty to Plaintiff to use reasonable care to ensure the safety, care, well-being and health of the Plaintiff while he was under their care, custody or in the presence of their agents or employees.   The Defendants' duties encompassed the hiring, retention and/or supervision of BROTHER MUELLER and otherwise providing a safe environment at Roncalli High School.

20.   The Defendants breached these duties by failing to protect the minor Plaintiff from sexual assault and lewd and lascivious acts committed by their agent and/or employee, BROTHER MUELLER, at Roncalli High School.

21.   At all relevant times, the Defendants knew or in the exercise of reasonable care should have known that BROTHER MUELLER was unfit, dangerous, and a threat to the health, safety and welfare of the minors entrusted to his counsel, care and protection.

22.   Despite such actual or constructive knowledge, the Defendants provided BROTHER MUELLER unfettered access to JOHN DOE NO. 12 and gave him unlimited and uncontrolled privacy.

23.    At all relevant times, the Defendants created an environment which fostered child sexual abuse against children it had a duty to protect, including JOHN DOE NO. 12.

24.    At all relevant times, the Defendants had inadequate policies and procedures to protect children they were entrusted to care for and protect, including JOHN DOE NO. 12.

25.    As a direct and proximate result of Defendants' negligence, JOHN DOE NO. 12 has suffered severe and permanent psychological, emotional and physical injuries and the inability to lead a normal life.  Plaintiff's injuries are persistent, permanent, and debilitating in nature.

WHEREFORE, Plaintiff, JOHN DOE NO. 12, prays that judgment be entered in his favor and against the Defendants, the BISHOP OF PUEBLO, a corporation sole, and THE MARIANIST PROVINCE OF THE UNITED STATES, jointly and severally, for compensatory damages, costs, expert witness fees, deposition expenses, pre- and post-judgment interest and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Dated: March 30, 2006

Respectfully submitted,

LAW FIRM OF ALAN G. MOLK
By: Duly signed original in office of Alan G. Molk
Alan G. Molk, #10988

-and-

HERMAN & MERMELSTEIN, P.A.
jherman@hermanlaw.com
www.hermanlaw.com
Jeffrey M. Herman, Esq.
Stuart S. Mermelstein, Esq.
Adam D. Horowitz, Esq.
18205 Biscayne Blvd.
Suite 2218
Miami, Florida  33180

Telephone: 305-931-2200
Facsimile: 305-931-0877

| | |
|---|---|
| DISTRICT COURT, COUNTY OF PUEBLO, STATE OF COLORADO<br><br>320 West Tenth Street<br>Pueblo, Colorado  81003 | |
| Plaintiff:    John Doe No. 12<br><br>Defendants:  Bishop of Pueblo, a corporation sole, and The Marianists Province of the United States | ▲ COURT USE ONLY ▲<br><br>Number:<br><br>Div:        Ctrm: |
| Attorneys for Plaintiff:<br>Alan G. Molk<br>6400 S. Fiddler's Green Circle, Suite 1920<br>Englewood, CO 80111<br>Phone 303-290-8808<br>Fax    303-290-8851      Atty. Reg. #: 10988<br><br>Jeffrey M. Herman, Esq.<br>Herman & Mermelstein, P.A.<br>18205 Biscayne Blvd., Suite 2218<br>Miami, FL   33160<br>Phone 305-931-2200<br>Fax 305-931-0877<br>Email:  jherman@hermanlaw.com<br>Atty. Reg. #: (not yet admitted Pro Hac Vice) | |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1.    This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court (CV) case.  It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2.    Check the boxes applicable to this case:

___ Simplified Procedure under C.R.C.P. 16.1 **applies** to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

_X_ Simplified Procedure under C.R.C.P. 16.1, **does not apply** to this case because (check one box below identifying why 16.1 does not apply):

     ___ This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, or

     _X_ This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties, or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1), or

     ___ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3. ___ This party makes a **Jury Demand** at this time and pays the requisite fee. See. C.R.C.P. Checking this box is optional.

Dated this 30th day of March, 2006.

LAW FIRM OF ALAN G. MOLK

By:    Duly signed original in office of Alan Molk
        Alan G. Molk, #10988

NOTICE:

*This cover sheet must be filed in all District Court (CV) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading, but may result in a clerk's show cause order requiring its filing.
*This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint.

*This cover sheet shall not be considered a pleading for purposes of C.R.C.P. 11.