UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

THE NORTH RIVER INSURANCE COMPANY

    Plaintiff,

vs.

Case No. 1:06-cv-01971-WDM-CBS

BISHOP OF PUEBLO, a corporation sole,
THE MARIANISTS PROVINCE OF THE
UNITED STATES, INC., RONALD L. HOUSTON,
TOM MONROE, DONALD JESIK, JACK KLUN,
J.M., T.A., JOHN DOES 1-17,

    Defendants.

_____

### ANSWER OF THE MARIANISTS PROVINCE OF THE UNITED STATES, INC.
_____

COMES NOW, The Marianists Province of the United States, Inc. ("The Marianists"), separate and apart from the other Defendants above-named, by and through its undersigned counsel, Burg Simpson Eldredge Hersh & Jardine, P.C., and hereby answers Plaintiff's Complaint for Declaratory Judgment as follows:

### FIRST DEFENSE TO "NATURE OF THE ACTION" ALLEGATIONS

1.    With regard to the allegations set forth in paragraph 1 of Plaintiff's Complaint, this Defendant admits that the action purports to seek Declaratory Judgment relief pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 in reference to several enumerated actions ("Underlying Actions") pending in the Pueblo County District Court asserting claims against the Bishop of Pueblo and The Marianists. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of Plaintiff's Complaint and, therefore, must presently deny said remaining allegations. This Defendant

affirmatively states that the action commenced by Plaintiff is premature and should be stayed or dismissed pending conclusion of the Underlying Actions.

### **FIRST DEFENSE TO "IDENTITY OF PARTIES" ALLEGATIONS**

2.  With regard to paragraph 2 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 of Plaintiff's Complaint and, therefore, must presently deny said allegations.

3.  With regard to paragraph 3 of Plaintiff's Complaint, this Defendant admits that the Bishop of Pueblo is a corporation sole organized and existing under the laws of the State of Colorado which has been named as a Defendant in each of the Underlying Actions. This Defendant further admits that the Bishop of Pueblo owned the property and physical structure of the former Roncalli High School which was an all-boys Catholic high school in Pueblo, Colorado. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of Plaintiff's Complaint and, therefore, must presently deny said remaining allegations.

4.  With regard to paragraph 4 of Plaintiff's Complaint, this Defendant admits the allegations set forth therein.

5.  With regard to paragraph 5 of Plaintiff's Complaint, this Defendant states that the information set forth in said paragraph appears consistent with information provided to this Defendant. However, this Defendant does not have specific knowledge concerning the residence of each of the Claimants in the Underlying Actions, but does not presently have any basis to contest the allegations in paragraph 5 of Plaintiff's Complaint.

**FIRST DEFENSE TO "JURISDICTION AND VENUE" ALLEGATIONS**

6. With regard to paragraph 6 of Plaintiff's Complaint, this Defendant admits that the subject action is brought by The North River Insurance Company, that the Bishop of Pueblo is a Colorado not-for-profit corporation, and that this Defendant is a Missouri not-for-profit corporation. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of Plaintiff's Complaint and, therefore, must presently deny said remaining allegations.

7. With regard to paragraph 7 of Plaintiff's Complaint, this Defendant admits the allegations set forth therein.

**FIRST DEFENSE TO "UNDERLYING ACTIONS" ALLEGATIONS**

8. With regard to paragraph 8 of Plaintiff's Complaint, this Defendant affirmatively states that the allegations in the Underlying Actions speak for themselves and that the Bishop of Pueblo and The Marianists are the only Defendants named in each Complaint and each Complaint contains one cause of action for negligence. This Defendant further states that each of the Complaints make reference to some type of assault by Brother William Mueller, except John Doe No. 7 which makes reference to allegations by a Priest, Father Burke, at the Diocese of Pueblo. Marianists are not a party to the claims on litigation brought by John Doe No. 7. To the extent that there are any remaining allegations set forth in paragraph 8 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of said remaining allegations and, therefore, must presently deny the remaining allegations.

9. With regard to paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30 of Plaintiff's Complaint, this Defendant states that the allegations

set forth in each of the Complaints filed in the Underlying Actions speak for themselves and that the sole claim for relief asserted in each of the Complaints is a cause of action for negligence. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30 of Plaintiff's Complaint and, therefore, must presently deny said remaining allegations.

10.     With regard to paragraph 31 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in said paragraph and, therefore, denies said allegations.  However, this Defendant affirmatively states that it is unaware of other Complaints contending that Mueller sexually abused other students at Roncalli High School besides the Claimants in the Underlying Actions and a Complaint filed subsequent to the commencement of this matter entitled *John Doe No. 18 vs. The Bishop of Pueblo and The Marianists* filed in the Pueblo County District Court.

11.     With regard to paragraph 32 of Plaintiff's Complaint, this Defendant admits that Brother Mueller was assigned to teach at other schools prior to his assignment at Roncalli High School.  This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of Plaintiff's Complaint and, therefore, must presently deny said remaining allegations.

12.     With regard to paragraphs 33, 34 and 35 of Plaintiff's Complaint, this Defendant denies the allegations set forth in said paragraphs.

13.     With regard to paragraphs 36 and 37 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the

allegations set forth in said paragraphs and, therefore, must deny the allegations set forth herein.

## FIRST DEFENSE TO "THE ALLEGED POLICIES" ALLEGATIONS

14. With regard to paragraphs 38, 39, 40, 41, 42, 43, 44 and 45 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in said paragraphs and, therefore, must presently deny or take no position with regard to said allegations.

15. The foregoing notwithstanding, this Defendant affirmatively states that it has seen correspondence from J.C. Stapenhorst of Independent Insurers, Inc. directed to Mr. Alex Staub, Business Manager, Diocese of Pueblo, dated June 11, 1969, and a Certificate of Insurance issued by International Insurance identifying Diocese of Pueblo and/or the Bishop of Pueblo, a corporation sole, as Named Insureds and Roncalli High School of Pueblo, Colorado, as an additional insured. Said letter and Certificate of Insurance are expressly incorporated into this Answer pleading by this reference and are attached as Exhibits 1 and 2 respectively. It is the position of this Defendant that said letter and Certificate of Insurance demonstrate a clear intent for The Marianists and the operations of Roncalli High School to be covered as additional insureds under policies of insurance issued by The North River Insurance Company and International Insurance Company.

16. With regard to paragraph 46 of Plaintiff's Complaint, this Defendant admits the allegations set forth therein.

## FIRST DEFENSE TO COUNT I

17. With regard to paragraph 47 of Plaintiff's Complaint, this Defendant incorporates herein all admissions, denials, and affirmative allegations, statements and defenses pled

elsewhere in this Answer.

18.     With regard to paragraphs 48 and 49 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, therefore, must presently deny or take no position with regard to said allegations.  However, this Defendant affirmatively references and incorporates the allegations and exhibits as set forth in paragraph 15 of this Answer pleading.

## FIRST DEFENSE TO COUNT II

19.     With regard to paragraph 50 of Plaintiff's Complaint, this Defendant incorporates herein all admissions, denials, and affirmative allegations, statements and defenses pled elsewhere in this Answer.

20.     With regard to paragraphs 51 and 52 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in said paragraphs and, therefore, must presently deny or take no position with regard to said allegations.

## FIRST DEFENSE TO COUNT III

21.     With regard to paragraph 53 of Plaintiff's Complaint, this Defendant incorporates herein all admissions, denials, and affirmative allegations, statements and defenses pled elsewhere in this Answer.

22.     With regard to paragraphs 54 and 55 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in said paragraphs and, therefore, must presently deny said allegations.

23.     With regard to paragraph 56 of Plaintiff's Complaint, this Defendant affirmatively

states that the Complaints in the Underlying Actions speak for themselves. This Defendant admits that some of the Complaints in the Underlying Actions set forth allegations that The Marianists obtained consent from the Diocese to "staff and administer Roncalli High School with priests and monks from the Society of Mary."

24.     With regard to paragraphs 57 and 58 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, therefore, must presently deny said allegations. However, this Defendant affirmatively references and incorporates the allegations and exhibits as set forth in paragraph 15 of this Answer pleading

### FIRST DEFENSE TO COUNT IV

25.     With regard to paragraph 59 of Plaintiff's Complaint, this Defendant incorporates herein all admissions, denials, and affirmative allegations, statements and defenses plead elsewhere in this Answer.

26.     With regard to paragraphs 60, 61, 62 and 63 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, therefore, must presently deny said allegations. However, this Defendant affirmatively references and incorporates the allegations and exhibits as set forth in paragraph 15 of this Answer pleading.

### FIRST DEFENSE TO COUNT V

27.     With regard to paragraph 64 of Plaintiff's Complaint, this Defendant incorporates herein all admissions, denials, and affirmative allegations, statements and defenses pled elsewhere in this Answer.

28.     With regard to paragraphs 65, 66, 67 and 68 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations to the extent that they are directed to The Diocese and, therefore, must presently deny said allegations.  To the extent that these allegations are directed to this Defendant, this Defendant incorporates the allegations and exhibits as set forth in paragraph 15 of this Answer pleading.

## FIRST DEFENSE TO COUNT VI

29.     With regard to paragraph 69 of Plaintiff's Complaint, this Defendant incorporates herein all admissions, denials, and affirmative allegations, statements and defenses pled elsewhere in this Answer.

30.     With regard to paragraph 70 of Plaintiff's Complaint, this Defendant asserts that said paragraph seeks a conclusion of law which does not require a response. To the extent that a response is required, this Defendant denies said allegations.

31.     With regard to paragraphs 71, 72, 73 and 74 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations to the extent that they are directed to The Diocese and, therefore, must presently deny said allegations.  To the extent that any of the allegations in said paragraphs are directed to this Defendant, this Defendant incorporates the allegations and exhibits as set forth in paragraph 15 of this Answer pleading.

## FIRST DEFENSE TO COUNT VII

32.     With regard to paragraph 75 of Plaintiff's Complaint, this Defendant incorporates herein all admissions, denials, and affirmative allegations, statements and defenses pled

elsewhere in this Answer.

33. With regard to paragraphs 76, 77, 78, 79, 80 and 81 of Plaintiff's Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations to the extent that they are directed to The Diocese and, therefore, must presently deny said allegations. To the extent said allegations are directed to this Defendant, this Defendant affirmatively incorporates the allegations and exhibits as set forth in paragraph 15 of this Answer pleading.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense to All Claims

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Defense to All Claims

Plaintiff's Complaint is premature and must be stayed or dismissed pending conclusion of the Underlying Actions.

### Third Defense to All Claims

Plaintiff's Complaint asserts issues that are not severable from the factual issues in the Underlying Actions and, accordingly, allowing Plaintiff's Declaratory Judgment Action to proceed contemporaneously with the Underlying Actions creates undo prejudice to the Defendants in defending the Underlying Actions.

### Fourth Defense to All Claims

Plaintiff's claim is barred, in whole or in part, due to the applicability of the equitable doctrines of waiver and/or estoppel.

### Fifth  Defense to All Claims

Plaintiff's Complaint is barred by the equitable doctrine of laches.

### Sixth Defense to All Claims

Plaintiff's Complaint, as it relates to this Defendant, is improper and Exhibits 1 and 2 referenced and incorporated into this Answer demonstrate a clear intent for this Defendant and the operations of Roncalli High School to be additional insureds under policies of insurance to the Bishop of Pueblo and/or the Diocese of Pueblo.

### Seventh Defense to All Claims

This Defendant expressly reserves the right to assert such additional defenses as may be compelled through the course of discovery in this and the Underlying Actions, if this action is permitted to proceed.

### Prayer for Relief

WHEREFORE, The Marianists respectfully requests that this Court stay or dismiss Plaintiff's Complaint for Declaratory Judgment.  In the event that this Court does not promptly stay or dismiss Plaintiff's Complaint, this Defendant requests that this Court then dismiss this Complaint for Declaratory Judgment, with prejudice, enter judgment in favor of this Defendant and against Plaintiff concerning the issues raised in Plaintiff's Complaint, and award this Defendant its attorney's fees, expert witness fees, costs, interest, expenses, and such other and further relief as this Court may deem just and proper.

Respectfully submitted this 12th day of March, 2007.

                                  **BURG SIMPSON**
                                  **ELDREDGE HERSH & JARDINE, P.C.**

s/ Peter W. Burg
Peter W. Burg
40 Inverness Drive East
Englewood, CO 80112
Phone: 303-792-5595
Fax: 303-708-0527
pburg@burgsimpson.com

*Attorneys for The Marianists Province of the United States, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 12th day of March, 2007, a true and correct copy of the above and foregoing **ANSWER OF THE MARIANISTS PROVINCE OF THE UNITED STATES, INC.**, was served on the following parties:

Mark A. Pottinger, Esq.
Treece Alfrey Musat & Bosworth, P.C.
999-18th Street, Suite 1600
Denver, CO 80202

☐ by First-Class U.S. Mail, postage prepaid
☐ by Hand Delivery
☐ by Facsimile Transmission
☐ by Overnight Mail
☐ by Lexis/Nexis File and Serve (electronic filing)
☒ by CM/ECF - USDC

Brian J. Spano, Esq.
Cindy C. Oliver, Esq.
Rothgerber Johnson & Lyons
1200 17th Street, Suite 3000
Denver, CO 80202

☐ by First-Class U.S. Mail, postage prepaid
☐ by Hand Delivery
☐ by Facsimile Transmission
☐ by Overnight Mail
☐ by Lexis/Nexis File and Serve (electronic filing)
☒ by CM/ECF - USDC

Christopher J. Raistrick, Esq.
Michael R. Gregg, Esq.
Todd M. Rowe, Esq.
Merlo Kanofsky Brinkmeier & Gregg, Ltd.
208 S. LaSalle Street, Suite 950
Chicago, IL 60604

☒ by First-Class U.S. Mail, postage prepaid
☐ by Hand Delivery
☐ by Facsimile Transmission
☐ by Overnight Mail
☐ by Lexis/Nexis File and Serve (electronic filing)
☐ by CM/ECF - USDC

s/ Joreen Hensley
(Original signature on file at Burg Simpson Eldredge Hersh & Jardine, P.C. )