IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01971-WDM-CBS

THE NORTH RIVER INSURANCE COMPANY,

    Plaintiff,

v.

BISHOP OF PUEBLO, et al.,

    Defendants.

## ORDER ON MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, TO STAY ACTION

Miller, J.

    This matter is before me on the Motions to Dismiss or, In the Alternative, to Stay Action (doc nos 36 and 39) filed by Defendants Bishop of Pueblo ("Bishop") and The Marianists Province of the United States, Inc. ("Marianists").  Plaintiff opposes the motion.  Upon review of the parties' filings, I conclude oral argument is not required.  For the reasons that follow, the motions are granted in part and denied in part.

### Background

    Jurisdiction in this matter is based on diversity.  28 U.S.C. § 1332.  Plaintiff is an insurance company.  Amended Complaint for Declaratory Action at ¶ 2.  Defendant Bishop is a corporation sole responsible for the operations of the Diocese of Pueblo (the "Diocese") and the interests of the Roman Catholic Church in southern Colorado. *Id.* at ¶ 3.  The Marianists is a Catholic Religious Order and a non-profit Mississippi corporation.  *Id.* at ¶ 4.  The remaining defendants are plaintiffs in lawsuits filed in

Pueblo County, Colorado District Court (the "Underlying Actions").  *Id.* at ¶ 5.  The Underlying Actions are based on alleged sexual abuse perpetrated by a member of the Marianists, Brother William Mueller, who was assigned to teach at Roncalli High School where the plaintiffs were students, or by Father Burke, a priest at the Diocese of Pueblo.  *Id.* at ¶ 8.  Each of the Underlying Actions alleges a single count of negligence against the Marianists and the Bishop/Diocese.  *Id.* at ¶¶ 9-33.  The Diocese notified Plaintiff of the Underlying Actions and requested coverage under two primary insurance policies and an umbrella policy that the Diocese claimed Plaintiff had issued.  *Id.* at ¶¶ 41, 46, 48, 50, 52.  Plaintiff notified the Diocese that it would provide defense coverage, with a reservation of rights.  *Id.* at ¶¶ 45-51.

Plaintiff then filed this lawsuit seeking a declaration that it is not obligated to defend or indemnify the Bishop or the Marianists.  Plaintiff asserts seven counts as bases for denying coverage: (1) the Diocese has failed to prove the existence of material terms of the alleged primary policies; (2) the Diocese has failed to prove the existence of material terms of the excess umbrella policy; (3) the Marianists are not insureds under the policies; (4) the alleged injuries in the Underlying Action were not caused by an occurrence within the policy period; (5) there is no coverage for non-fortuitous injuries; (6) there is no coverage for known losses or losses in progress; (7) the accident or occurrence was expected by the Diocese.

The Bishop and the Marianists seek dismissal or stay of this action on the grounds that it is premature, raises issues that are inextricably intertwined with those in the Underlying Actions, and will prejudice these defendants in the Underlying Actions.

2

In its response, Plaintiff apparently concedes that Counts 5-7 substantially overlap with legal and factual issues in the Underlying Actions and that, therefore, these claims at a minimum should be stayed pending resolution of the state court proceedings. However, Plaintiff contends that Counts 1-4 are separable from the issues in the Underlying Actions and can be litigated in this forum.

## Standard of Review

The federal declaratory judgment statute, 28 U.S.C. § 2201 vests a district court with the authority to declare the rights and other legal relations of any interested party in "a case of actual controversy" within the court's jurisdiction.  This authority should be exercised at the court's discretion, considering such factors as "(1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*'; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective."  *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citation omitted).

## Discussion

Since there is no dispute that Counts 5-7 should not be litigated until the resolution of the Underlying Action, I will address whether dismissal or stay of the remaining Counts is appropriate.

1.      <u>Counts 1-3</u>

The first three counts are matters of pure contract interpretation that do not overlap with the issues in the Underlying Actions.  Counts 1 and 2 will require legal and factual determinations regarding the existence of the alleged policies and their terms.  Similarly, Count 3 concerns the identity of the insureds, which also is unrelated to the facts in the Underlying Litigation.  No party has asserted that the Underlying Actions or any other state court proceeding includes a contract action involving Plaintiff or a determination of coverage.  Applying the *Runyon* factors, I conclude that these Counts are separable and independent and may properly be considered in this court.

There is an actual controversy between the parties, as the Bishop and Marianists have invoked coverage for actual and ongoing litigation and Plaintiff contests it.  In addition, a declaration as to the existence of the policies and their terms, as well as the parties insured under such policies, would either settle the controversy or provide clarification of the legal relations among Plaintiff, the Bishop, and the Marianists.  If Plaintiff succeeds in obtaining a declaration that no contract of insurance exists, or that coverage does not extend to the Marianists as insured, no further litigation of the contractual obligations will be required.  On the other hand, if I determine that there is a valid contract, then this will clarify the relations and duties between the parties.  As to the third factor, there is no indication that this proceeding is being used for the purpose of "procedural fencing" or to provide an arena for a race to *res judicata*.  No other proceeding is pending that would involve the same issues as raised by these three Counts; therefore, I see nothing improper in Plaintiff's seeking a

declaration on these issues at this time.[1]  Applying the fourth factor, I see no danger that determination of these counts would improperly encroach on the state court, as these contract matters are not at issue in the Underlying Actions and determining them will require distinct factual discovery and legal theories.  Finally, the only alternative remedy proposed at this time is a stay or dismissal of these claims pending resolution of the Underlying Actions.  As discussed, a declaration in Plaintiff's favor on these Counts could relieve Plaintiff of any further defense payment obligation and could affect how the Bishop and the Marianists litigate in the Underlying Actions.  In contrast, since the issues relating to these Counts are independent of those in the Underlying Actions, I conclude there would be little prejudice to the Bishop and the Marianists in litigating this matter at this time.  Accordingly, the motions are denied as to Counts 1-3.

2.     <u>Count 4</u>

Plaintiff argues that Count 4 is also independent and separable from the Underlying Litigation.  In this count, Plaintiff seeks a declaration that the injuries arise from occurrences outside of the policy period.  To the extent that Plaintiff seeks a declaration concerning the effective dates of the policy and the meaning of certain

---

[1]The defendants cite Colorado case law for the proposition that the only proper course for an insurer who contests coverage is to provide a defense and then file a declaratory judgment after resolution of the underlying action.  However, the Colorado Supreme Court has made clear that "a judgment against the insured in the underlying case is not an absolute prerequisite to the filing of a declaratory judgment action to determine coverage."  *Constitution Assoc. v. New Hampshire Life Ins., Co.,* 930 P.2d 556, 558 (Colo. 1996).  An anticipatory declaratory judgment action must be based on an actual controversy, should fully and finally resolve the uncertainty and controversy as to all parties with a substantial interest in the matter, and should be independent and separable from the underlying action.  *Id.* at 561.  As discussed above, these elements are satisfied here.

policy terms, this is correct. The effective dates of the policy and the meaning of "bodily injury" or "occurrence" would be material terms of the policies and could be determined as a matter of law without reference to the facts of the individual pending state cases. These matters could presumably be included in the litigation of Counts 1 or 2. However, if Plaintiff seeks a declaration that certain events occurred at a particular time, as a factual matter, this would clearly encroach on and overlap with the legal and factual determinations in the Underlying Actions. Central to the Underlying Actions will be disputes concerning when and if the alleged abuse occurred, the nature of the injuries, and when or if the Bishop or the Marianists knew or should have known about it. Because of this substantial factual overlap, I decline to consider Count 4 until after the resolution of the Underlying Actions.

     Accordingly, it is ordered:

1. The Motions to Dismiss (doc nos 36 and 39) are granted in part and denied in part.
2. Counts 4-7 of the Amended Complaint for Declaratory Judgment are stayed. Counts 1-3 remain pending.

DATED at Denver, Colorado, on June 12, 2007.

                                          BY THE COURT:

                                          s/ Walker D. Miller
                                          United States District Judge