IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01971-WDM-CBS

THE NORTH RIVER INSURANCE COMPANY,

    Plaintiff,

v.

BISHOP OF PUEBLO, et al.,

    Defendants.

## ORDER ON MOTION TO DISMISS COUNTERCLAIMS

Miller, J.

This matter is before me on the Plaintiff's Motion to Dismiss Marianists Province of the United States' Counterclaim (doc no 79). Defendant The Marianists Province of the United States, Inc. ("Marianists") opposes the motion. Upon review of the parties' filings, I conclude oral argument is not required. For the reasons that follow, the motion is granted in part and denied in part.

### Background

Jurisdiction in this matter is based on diversity. 28 U.S.C. § 1332. Plaintiff is an insurance company. Amended Complaint for Declaratory Action at ¶ 2. Defendant Bishop is a corporation sole responsible for the operations of the Diocese of Pueblo (the "Diocese") and the interests of the Roman Catholic Church in southern Colorado. *Id.* at ¶ 3. The Marianists is a Catholic Religious Order and a non-profit Mississippi corporation. *Id.* at ¶ 4. The remaining defendants are plaintiffs in lawsuits filed in

Pueblo County, Colorado District Court (the "Underlying Actions"). *Id.* at ¶ 5. The Underlying Actions are based on alleged sexual abuse perpetrated by a member of the Marianists, Brother William Mueller, who was assigned to teach at Roncalli High School where the plaintiffs were students, or by Father Burke, a priest at the Diocese of Pueblo. *Id.* at ¶ 8. Each of the Underlying Actions alleges a single count of negligence against the Marianists and the Bishop/Diocese. *Id.* at ¶¶ 9-33. The Diocese notified Plaintiff of the Underlying Actions and requested coverage under two primary insurance policies and an umbrella policy that the Diocese claimed Plaintiff had issued. *Id.* at ¶¶ 41, 46, 48, 50, 52. Plaintiff notified the Diocese that it would provide defense coverage, with a reservation of rights. *Id.* at ¶¶ 45-51.

Plaintiff then filed this lawsuit seeking a declaration that it is not obligated to defend or indemnify the Bishop or the Marianists. Among other defenses to coverage asserted by Plaintiff is its contention that the Marianists are not insureds under the policy, if one exists. The Marianists filed counterclaims against Plaintiff for Plaintiff's refusal to provide defense or indemnity coverage to the Marianists. The Marianists allege that a commercial general liability policy was issued by an affiliate of Plaintiff to the Defendant Bishop of Pueblo and Diocese of Pueblo for the period commencing October 15, 1968 to October 15, 1971. Defendant Marianists Province of the United States' Counterclaim for Breach of Contract, Bad Faith, Violation of the Colorado Unfair Claims-Deceptive Practices Act, and Colorado Consumer Protection Act ("Counterclaim") (doc no 77) at ¶ 7. The Marianists further allege that the policy expressly covered "Roncalli High School" and that the Marianists, who by contract

2

administered and staffed the school, are therefore also insured. Counterclaim at ¶¶ 8-9, 13-14. Attached to the Counterclaim are several documents supporting the allegations, including a "Certificate of Insurance" (Exhibit A) effective October 15, 1968 listing "Roncalli High School" as an "Additional Insured" for a comprehensive general liability policy. Exhibit B is a letter dated May 16, 1969 from an insurance agent to the Treasurer of the Society of Mary, Province of Saint Louis in Glencoe, Missouri concerning the cancellation of an insurance policy covering the Society of Mary, Province of Saint Louis "Operating as Roncalli High School" and informing the Treasurer of a new policy covering the Society effective October 15, 1968 for a three year period. Exhibit C is another letter, dated June 11, 1969, from a representative of Independent Insurors, Inc. requesting from the Business Manager of the Diocese of Pueblo a Certificate of Liability Insurance covering Roncalli High School and noting that "we have a Comprehensive General Liability policy on the Society [of Mary]."

The Marianists allege that Plaintiff breached its obligations to the Marianists by failing to provide a defense and asserts the following counterclaims: (1) breach of contract; (2) bad faith breach of insurance contract; and (3) violation of the Colorado Unfair Claims-Deceptive Practices Act and the Colorado Consumer Protection Act. Plaintiff seeks dismissal of all the counterclaims.

Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct.

1955, 1974 (2007). The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

Discussion

Plaintiff first argues that the breach of contract claim fails because the Marianists' allegations do not establish the existence of a contract or that the Marianists are additional insureds under any such policy.

I disagree. According the Marianists the benefit of all reasonable inferences, I conclude that the allegations and incorporated documents could plausibly establish the existence of an insurance policy in effect during the relevant time period that covered or was intended to cover the Marianists as the operators of Roncalli High School. Much of Plaintiff's argument rests upon resolution of ambiguities or issues of fact and drawing inferences in favor of Plaintiff, which is not the standard that I apply on a motion to dismiss. For example, Plaintiff argues that the "Society of Mary, Province of Saint Louis" could not be understood to be the Marianists. I reject this contention, as the allegations in the pleadings indicate that the Marianists operated Roncalli High School for the Diocese and it is reasonable to conclude that the Marianists are either the same organization or a successor to the "Society of Mary" referred to in the correspondence.[1] Accordingly, Plaintiff's motion will be denied as to the breach of contract claim.

---

[1] I note also that in documents attached to the Marianists' response brief, which I need not consider as I find the allegations facially sufficient, it is clear that the terms "Marianists" and "Society of Mary, Province of Saint Louis" are used interchangeably.

Plaintiff also argues that the allegations are insufficient to maintain a cause of action for bad faith. Plaintiff argues that there is no allegation that the Marianists ever tendered their defense to Plaintiff, that Plaintiff owed no duty to the Marianists under any policy, and that mere breach of insurance contract is insufficient to state a claim.

Again, I disagree, because resolution of this claim will depend on issues of fact. As noted by Plaintiff, the gravaman of the tort of a first party bad faith breach of an insurance policy is whether the insurer acted "unreasonably under the circumstances" and whether "the insurer either knowingly or recklessly disregarded the validity of the insured's claim." *American Family Mutual Ins. Co. v. Allen*, 102 P.3d 333, 342 (Colo. 2004). The facts alleged here are sufficient to plausibly state a claim that Plaintiff's denial of coverage for the Marianists' defense was unreasonable under the circumstances and that Plaintiff knowingly or recklessly disregarded the validity of the claim. Again, it is clear that there remain numerous issues of fact and ambiguities to be resolved regarding the existence of coverage and reasons for Plaintiff's denial. Under the circumstances, dismissal is not appropriate.

I do agree with Plaintiff, however, that the Marianists have not alleged sufficient facts to support the third claim for relief, violation of the Colorado Unfair Claims-Deceptive Practices Act and the Colorado Consumer Protection Act. As noted by Plaintiff, the Colorado Unfair Claims-Deceptive Practices Act ("UCDPA"), C.R.S. § 10-3-101 et seq., is a regulatory statute that does not provide a private cause of action. *Showpiece Homes Corp. v. Assurance Co. Of America*, 38 P.3d 47, 51 (Colo. 2001). The Marianists essentially concede this in their response brief, but argue that violations

5

of the UCDPA can provide a basis for a claim under the Colorado Consumer Protection Act ("CCPA").  *Showpiece Homes* establishes that the UCDPA does not preempt a private cause of action by an insured against an insurer under the CCPA and that insurers are not excluded from the purview of the CCPA.  38 P.3d at 55, 58.  Moreover, the CCPA is applicable to an insurer's post-sale unfair or bad faith conduct.  *Id.* at 58.  Accordingly, to the extent the Marianists can assert a claim under the relevant statutes, they must do so under the CCPA, not the UCDPA.

Plaintiff argues that the CCPA claim must be dismissed because the Marianists are not a "consumer" under the statute and that the claim fails to establish any of the prima facie elements of a CCPA claim.  I agree that the mere breach of an insurance policy, even in bad faith, does not necessarily implicate the CCPA.  An essential element of a CCPA claim is the existence of a deceptive trade practice that "significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property."  *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.,* 62 P.3d 142, 146 (Colo. 2003).  The relevant considerations in determining public impact are (1) the number of consumers directly affected by the challenged practice; (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice; and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future.  *Id.* at 149.

Even construing the facts in the light most favorable to the Marianists, I conclude that they cannot demonstrate a significant public impact.  The only potentially affected

consumers appear to be the parties to this litigation and there are simply no facts from which I could conclude that Plaintiff engaged in a deceptive practice that has had or will have an impact on other buyers of insurance policies from Plaintiff. The allegations establish only a private wrong, which does not support a claim under the CCPA.

Accordingly, it is ordered:

1. The Motion to Dismiss (doc no 79) is granted in part and denied in part.

2. The Marianists' Third Claim for Relief contained in the Counterclaim (asserting violations of the Colorado Consumer Protection Act and Colorado Unfair Claims-Deceptive Practices Act) is dismissed. The First and Second Claims for Relief remain pending.

DATED at Denver, Colorado, on January 31, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge