UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**Civil Action No. 1:06-cv-01971-WDM-CBS**

THE NORTH RIVER INSURANCE COMPANY

    Plaintiff,

vs.

BISHOP OF PUEBLO, a corporation sole,
THE MARIANISTS PROVINCE OF THE
UNITED STATES, INC., RONALD L. HOUSTON,
TOM MONROE, DONALD JESIK, JACK KLUN,
J.M., T.A., JOHN DOES 1-20,

    Defendants.



## AFFIDAVIT OF GARTH H. ALLEN

| STATE OF COLORADO | ) |
|---|---|
| | ) ss. |
| COUNTY OF WELD | ) |

    GARTH H. ALLEN, being first duly sworn and upon my oath, states as follows:

1. I am an attorney at law licensed to practice by the State of Colorado and have been so licensed for more than 33 years. I am currently engaged in the active practice of law and have been retained by the Defendants as an expert witness in this litigation.

2. I am an associate professor of business/risk management and the Director of the School of Finance at the Monfort School of Business, University of Northern Colorado, Greeley, Colorado, and have been employed by the University for 34 years.

3. I hold a Bachelor of Business Administration in Finance and Insurance from the University of Iowa (1970), and received a Juris Doctor Degree in Law from the University of Iowa (1973).

4. During my tenure at the School of Business, College of Business, and Monfort College of Business, I have held many positions including Chair of the Finance Department and

Acting Dean of the College. I teach business law and risk management courses. I also serve as a frequent lecturer for Continuing Legal Education Courses for attorneys and continuing education courses for insurance professionals.

5. I am a Chartered Property and Casualty Underwriter (CPCU). I am also trained in both underwriting and claim practices, and instruct college students and professionals in underwriting and claim practices.

6. I am the Executive Director of the Colorado Insurance Education Foundation and in that capacity I regularly teach seminars and workshops to insurance professionals.

7. I also frequently consult with insurance companies and insureds regarding insurance coverage issues and claim related conduct including the issue of bad faith conduct.

8. I have testified as an expert witness in numerous insurance cases over the course of my career, including cases involving insurance coverage and claims practices. My curriculum vitae is attached.

9. I have reviewed the pleadings in this litigation - the contract between the two defendants for operation of the Roncalli high schoool, certain correspondence and other documents and policy forms presented to me by counsel for the Defendants, and have met with counsel for the Defendants on three occasions and spoken with them on the phone on prior occasions.

10. Among other items which I intend to present in a written summary and/or report at the appropriate time, I have reached an opinion regarding the issue of North River Insurance Company's (hereinafter "North River") duty to defend the The Marianists Province of the United States (hereinafter "The Marianists") and The Bishop of Pueblo (hereinafter "The Bishop") under Policy CBP 43233, effective October 15th, 1968 to October 15th, 1971, for claims alleged in

2

underlying actions described more fully in the Plaintiff's complaint and amended complaint filed herein.

11. CGL policies provide coverage for allegations of negligence against any insured under the policy, and require the insurance company to provide a defense therefor.

12. Based on the information provided to me, it is my opinion that North River has an obligation and a duty to defend both The Marianists and The Bishop.

13. The Bishop is a named insured under the Certificate of Insurance, Exhibit A to The Marianists counterclaim for breach of contract, bad faith and other violations of Colorado law against Plaintiff, North River.

14. The Certificate of Insurance lists "Roncalli High School" as an additional named insured and describes the operations of the high school as covered under a Comprehensive General Liability (hereinafter "CGL") policy.

15. It is undisputed that, pursuant to the contract with the Bishop, the Marianists were charged with the operation of Roncalli High School.

16. The actions of the Marianists in the "hiring, retention and/or supervision" of Brother Mueller during the Marianists' tenure as operators of Roncalli High School are alleged by the underlying plaintiffs to have been "negligent."

17. The "persons insured" provision in standard form policies in use at the time by North River states in pertinent part:

> If the named insured is designated in the declarations as other than an individual, partnership, or joint venture, the organization so designated *and any executive officer, director, or stockholder thereof while acting within the scope of his duties as such.*
> (emphasis added)

18. It is also undisputed that the "executive officer(s), director(s), or stockholder(s)" in charge of operating Roncalli High School throughout the policy coverage period were the Marianists pursuant to their contract with the Bishop.

3

19. The correspondence attached to the counterclaim and the correspondence attached to The Marianists' response to North River's motion to dismiss, which I have reviewed, show a clear intent to include The Marianists as an insured under the North River policy at issue.

20. Under Colorado law, it is axiomatic that the duty to defend under a policy of comprehensive liability insurance is triggered whenever there is a colorable claim for coverage presented by the allegations contained in the underlying complaint.

21. The duty to defend is a broad duty obligating insurers to provide a defense when allegations against an insured are arguably within the scope of coverage.

22. If a possibility of coverage exists, the practice in the insurance industry in Colorado is to provide coverage pending a determination by a court that the duty to defend does or does not exist.

23. Under the CGL policy forms in use during the relevant time periods, several of which were in use by North River and which I have reviewed, the duty to defend The Marianists exists as does the duty to defend The Bishop.

24. The failure to accept the tender of the defense of the underlying cases against The Marianists amounts to breach of contract, bad faith and violation of the Colorado Unfair Claim Practices law at CRS §10-3-1104(1)(h).

25. Colorado Unfair Claim Practices act, CRS §10-3-1104(1)(h), constitutes a minimum standard to which all reasonable insurers doing business in Colorado must adhere, and, as such, is both a law and an insurance industry standard.


FURTHER THE AFFIANT SAYETH NOT.

Dated this 7th day of December, 2007.

_____
Garth H. Allen

Subscribed and sworn to before me this 7th day of December, 2007 by Garth H. Allen

Witness my hand and official seal.

My commission expires: MY COMMISSION EXPIRES: 05-19-2010

_____
Notary Public

{S E A L}

