**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06 CV 01971-WDM-CBS

THE NORTH RIVER INSURANCE COMPANY, and
UNITED STATES FIRE INSURANCE COMPANY,

      Plaintiffs,

v.

BISHOP OF PUEBLO, a corporation sole, THE MARIANIST PROVINCE OF THE
UNITED STATES, INC., RONALD L. HOUSTON, TOM MONROE, DONALD JESIK, JACK
KLUN, J.M., T.A., and JOHN DOES 1-20

      Defendants.

---

**DEFENDANT MARIANIST PROVINCE'S ANSWER TO
THIRD AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

---

COMES NOW, The Marianist Province of the United States, Inc. ("The Marianist Province" or "this Defendant"), separate and apart from the other Defendants above-named, by and through its undersigned counsel William J. Brady of Grimshaw & Harring, P.C., and hereby answers Plaintiffs' THIRD Amended Complaint for Declaratory Judgment as follows:

**<u>FIRST DEFENSE TO "NATURE OF THE ACTION" ALLEGATIONS</u>**

1.    With regard to the allegations set forth in paragraph 1 of Plaintiffs' Third Amended Complaint, this Defendant admits that the action purports to seek Declaratory Judgment relief pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 in reference to several enumerated actions ("Underlying Actions") pending in the Pueblo County District Court asserting claims against the Bishop of Pueblo and The Marianist Province.  This Defendant denies that this anticipatory declaratory judgment action was appropriately commenced by Plaintiff, and specifically avers that this action is premature.  Counts III, IV, V and VI set forth

in Plaintiffs' Third Amended Complaint are stayed pursuant to this Court's Order, dated June 12, 2007. By way of further response, Defendant states that the existence, terms, conditions and limits of liability of Policy Number CPB 43233 issued by International Insurance Company and Policy Number ML 67168, issued by North River Insurance Company (collectively, the "Primary Policies") have been admitted by Plaintiffs. As to the remaining allegations set forth in paragraph 1 of Plaintiffs' Third Amended Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth thereof, and therefore denies said remaining allegations.

### FIRST DEFENSE TO "IDENTITY OF PARTIES" ALLEGATIONS

2.     With regard to paragraph 2 of Plaintiffs' Third Amended Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 of Plaintiffs' Third Amended Complaint and, therefore, must presently deny said allegations.

3.     With regard to paragraph 3 of Plaintiffs' Third Amended Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiffs' Third Amended Complaint and, therefore, must presently deny said allegations.

4.     With regard to paragraph 4 of Plaintiffs' Third Amended Complaint, this Defendant admits that the Bishop of Pueblo is a corporation solely organized and existing under the laws of the State of Colorado which has been named as a Defendant in each of the Underlying Actions. This Defendant further admits that the Bishop of Pueblo owned the property and physical structure of the former Roncalli High School, an all-boys Catholic high school in Pueblo, Colorado. This Defendant is without sufficient knowledge or information to

form a belief as to the truth of the remaining allegations set forth in paragraph 3 of Plaintiffs' Third Amended Complaint and, therefore, must presently deny said remaining allegations.

5.        With regard to paragraph 5 of Plaintiffs' Third Amended Complaint, this Defendant admits the allegations set forth therein.

6.        With regard to paragraph 6 of Plaintiffs' Third Amended Complaint, this Defendant states that the information set forth in said paragraph appears consistent with information provided to this Defendant. However, this Defendant does not have specific knowledge concerning the residence of each of the Claimants in the Underlying Actions, but does not presently have any basis to contest the allegations in paragraph 6 of Plaintiffs' Third Amended Complaint.

**FIRST DEFENSE TO "JURISDICTION AND VENUE" ALLEGATIONS**

7.        With regard to paragraph 7 of Plaintiffs' Third Amended Complaint, this Defendant admits that the subject action is brought by The North River Insurance Company and United States Fire Insurance Company, that the Bishop of Pueblo is a Colorado not-for-profit corporation, and that this Defendant is a Missouri not-for-profit corporation. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of Plaintiffs' Third Amended Complaint and, therefore, must presently deny said remaining allegations.

8.        With regard to paragraph 8 of Plaintiffs' Third Amended Complaint, this Defendant admits the allegations set forth therein.

**FIRST DEFENSE TO "UNDERLYING ACTIONS" ALLEGATIONS**

9.        With regard to paragraph 9 of Plaintiffs' Third Amended Complaint, this Defendant affirmatively states that the allegations in the Underlying Actions speak for

themselves and that the Bishop of Pueblo and The Marianist Province are the only Defendants named in each Complaint and each Complaint contains one cause of action for negligence. This Defendant further states that each of the Complaints make reference to some type of assault by Brother William Mueller, except John Doe No. 7 which makes reference to allegations by a Priest, Father Burke, at the Diocese of Pueblo. The Marianist Province is not a party to the claims or litigation brought by John Doe No. 7. To the extent that there are any remaining allegations set forth in paragraph 9 of Plaintiffs' Third Amended Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of said remaining allegations and, therefore, must presently deny the remaining allegations.

10.     With regard to paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34 of Plaintiffs' Third Amended Complaint, this Defendant states that the allegations set forth in each of the Complaints filed in the Underlying Actions speak for themselves and that the sole claim for relief asserted in each of the Complaints is a cause of action for negligence. This Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 and 34 of Plaintiffs' Third Amended Complaint and, therefore, must presently deny said remaining allegations.

11.     With regard to paragraph 35 of Plaintiffs' Third Amended Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in said paragraph and, therefore, denies said allegations. However, this Defendant affirmatively states that it is unaware of other Complaints contending that Mueller sexually abused other students at Roncalli High School besides the Claimants in the Underlying Actions.

12.     With regard to paragraph 36 of Plaintiffs' Third Amended Complaint, this Defendant admits that Brother Mueller was assigned to teach at other schools prior to his assignment at Roncalli High School. This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in paragraph 36 of Plaintiffs' Third Amended Complaint and, therefore, must presently deny said remaining allegations.

13.     With regard to paragraphs 37, 38 and 39 of Plaintiffs' Third Amended Complaint, this Defendant denies the allegations set forth in said paragraphs.

14.     With regard to paragraphs 40 and 41 of Plaintiffs' Third Amended Complaint, this Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in said paragraphs and, therefore, must deny the allegations set forth therein.

### FIRST DEFENSE TO "THE ALLEGED POLICIES" ALLEGATIONS

15.     With regard to paragraphs 42, 43, 44, 45, 46, 47, 48 and 49 of Plaintiffs' Third Amended Complaint, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in said paragraphs and, therefore, must presently deny or take no position with regard to said allegations.

16.     With regard to paragraph 50 of Plaintiffs' Third Amended Complaint, this Defendant admits that Defendant Bishop of Pueblo located Policy Number CBP 43233 and further states that Plaintiffs have admitted the existence, terms, conditions and limits of liability of the Primary Policies.

17.     The foregoing notwithstanding, this Defendant affirmatively states as "matters constituting an avoidance" of Plaintiffs' allegations, that

a)      correspondence from J.C. Stapenhorst of Independent Insurers, Inc. directed to Mr. Alex Staub, Business Manager, Diocese of Pueblo, dated June 11, 1969, and a Certificate of Insurance effective October 15, 1968 and issued by International Insurance, identifying the Diocese of Pueblo and/or the Bishop of Pueblo, as Named Insureds, and Roncalli High School of Pueblo, Colorado, as an additional insured, demonstrate a clear intent to cover the operations of Roncalli High School under the comprehensive general liability (CGL) coverage of Policy Number CBP 43233, and under the "Comprehensive Catastrophe Policy also in force for the same policy period," as reflected in the "Remarks" section of the Certificate of Insurance.   Said letter and Certificate of Insurance are expressly incorporated into this Answer pleading by this reference, and were attached as Exhibits 1 and 2 respectively to this Defendant's Answer to Plaintiffs' [First] Amended Complaint;  and

b)      said recently produced CGL Policy Number CBP 43233 and Comprehensive Catastrophe Policy form, as well as all exhibits attached to this Defendant's Counterclaim filed October 31, 2007, specifically the letter of May 16, 1969 (Exhibit B) written by Plaintiffs' authorized representative, Donald J. Rupp; and

c)      all exhibits and affidavits attached to this Defendant's Response to Plaintiffs' Motion to Dismiss Counterclaim, including, *inter alia,* the July 1, 1968 contract between the Bishop of Pueblo and the Marianist Province wherein the Diocese appoints the Marianists as "Principal and Chief

Executive Officer" of Roncalli High School (Exhibit 1), as further evidence of Plaintiffs' intent to provide coverage for the Marianist Province and the operation of Roncalli High School as additional insureds under the Primary Policies.   As additional evidence of "matters constituting an avoidance" this Defendant also cites

d)      all exhibits and deposition transcript excerpts (Exhibits A through G and J) and affidavits (Exhibits H and I) attached to this Defendant's Motion for Partial Summary Judgment on Liability for Breach of Contract on the Duty to Defend and arguments and authorities set forth therein; and

e)      all exhibits and deposition transcript excerpts (Exhibit A-1 through A-15) attached to Defendant Bishop of Pueblo's Motion for Summary Judgment and Memorandum Brief in Support Thereof and arguments and authorities set forth therein.

18.      With regard to paragraph 51 of Plaintiffs' Third Amended Complaint, this Defendant admits that the recently produced insurance policy, Policy Number CBP 43233, speaks for itself, and that additional terms and conditions not recited in paragraph 51 are present and may be applicable, and Plaintiffs' selected parsing of excerpted policy language is incomplete and misleading.   Otherwise, the excerpted portions recited by Plaintiffs appear consistent with policy language.

19.      With regard to paragraph 52 of Plaintiffs' Third Amended Complaint, this Defendant admits the allegations set forth therein.

20.      With regard to paragraph 53 of Plaintiffs' Third Amended Complaint, this Defendant admits that Plaintiffs issued one or more "Defender Commercial Catastrophe"

liability policies (umbrella policies), which were excess of the Primary Policies, providing $5,000,000 limits of liability per occurrence.  This Defendant further states that Defendant Bishop of Pueblo and Plaintiffs have produced extensive and compelling secondary evidence confirming the existence, terms and conditions of said umbrella policies, as further referenced in paragraph 17 herein.  This Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 53, and accordingly denies the same.

21.     With regard to paragraph 54 of Plaintiffs' Third Amended Complaint, this Defendant admits the allegations set forth therein.

## FIRST DEFENSE TO COUNT I

22.     With regard to paragraph 55 of Plaintiffs' Third Amended Complaint, this Defendant incorporates herein all admissions, denials, and affirmative allegations, statements and defenses pled elsewhere in this Answer.

23.     With regard to paragraphs 56 and 57 of Plaintiffs' Third Amended Complaint, this Defendant denies the same.  However, this Defendant affirmatively references and incorporates the allegations, affidavits and exhibits as set forth in paragraph 17 herein.

## FIRST DEFENSE TO COUNT II

24.     With regard to paragraph 58 of Plaintiffs' Third Amended Complaint, this Defendant incorporates herein all admissions, denials, and affirmative allegations, statements and defenses pled elsewhere in this Answer.

25.     With regard to paragraphs 59 and 60 of Plaintiffs' Third Amended Complaint, this Defendant states that the recently produced insurance policy, Policy Number CBP 43233, speaks for itself, and Plaintiffs' selected parsing of excerpted policy language is incomplete and

misleading.  Otherwise, the excerpted portions recited by Plaintiffs appear consistent with policy language. Additionally, this Defendant affirmatively references and incorporates the allegations, affidavits and exhibits as set forth in paragraph 17 herein.

26.    With regard to paragraph 61 of Plaintiffs' Third Amended Complaint, this Defendant admits that some of the Complaints filed in the underlying actions contain allegations that the Marianst Province obtained consent from the Diocese to "staff and administer Roncalli High School with priests and monks from the Society of Mary," and others contain no such allegation.  Otherwise, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in said paragraphs and, therefore, must presently deny said allegations.  Additionally, this Defendant affirmatively references and incorporates the allegations, affidavits and exhibits as set forth in paragraph 17 herein.

27.    With regard to paragraph 62 and 63 of Plaintiffs' Third Amended Complaint, this Defendant states that the recently produced insurance Policy Number CBP 43233, speaks for itself.  This Defendant denies that the Marianist Province were not employees of the Diocese under the July 1, 1968 contract between the Bishop of Pueblo and the Marianist Province, and further denies that the Marianist Province were not "additional insureds" and "persons insured" within the meaning of Policy Number CBP 43233.  To the extent that the Marianist Province were also "executive officers" of "the organization so designated" (Roncalli High School) in the Certificate of Insurance (Exhibit 2 to this Defendant's Answer to [Plaintiff's First] Amended Complaint), as the policy language provides, the Marianist Province were also executive officers within the meaning of the policy.  This Defendant also denies that the Plaintiffs have no obligation to defend or indemnify the Marianist Province in the underlying actions, and that the Marianist Province was and is an intended insured under Policy Number CBP 43233.

Additionally, this Defendant affirmatively references and incorporates the allegations, affidavits and exhibits as set forth in paragraph 17 herein.

## FIRST DEFENSE TO COUNT III

28.     With regard to paragraph 64 of Plaintiffs' Third Amended Complaint, this Defendant incorporates herein all admissions, denials, and affirmative allegations, statements and defenses pled elsewhere in this Answer.

29.     With regard to paragraph 65 through 90 of Plaintiffs' Third Amended Complaint, this Defendant affirmatively states that the Court has stayed Counts III, IV, V and VI containing said allegations pursuant to its Order, dated June 12, 2007, and no response is warranted or appropriate at this time.  However, this Defendant specifically alleges that Plaintiffs lack any independent knowledge or factual basis for the assertion of many of the allegations contained in these paragraphs and have, instead, relied solely and erroneously on the allegations contained in the complaints filed in the Underlying Actions.  Plaintiffs have failed to appropriately distinguish certain of the allegations that are asserted "upon information and belief," despite being forewarned of the deficiencies in its Second, and now Third Amended Complaint.  Since Plaintiffs have elected to maintain these allegations as statements of independent fact, after having been given an opportunity to qualify said allegations, if Counts III, IV, V and VI are ever permitted to proceed, this Defendant will demand that Plaintiffs disclose its independent factual basis for said allegations or face appropriate sanctions.  Finally, this Defendant specifically reserves its right to assert additional counterclaims, including but not limited to, additional claims for bad faith breach of insurance contract, if Counts III, IV, V and VI are permitted to proceed.

30.    This Defendant denies any and all allegations set forth in Plaintiffs' Third Amended Complaint to the extent not expressly admitted.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense to All Claims

Plaintiffs' Third Amended Complaint fails to state a claim upon which relief may be granted.

### Third Defense to All Claims

Plaintiffs' Third Amended Complaint is premature and must be stayed or dismissed pending conclusion of the Underlying Actions.

### Third Defense to All Claims

Plaintiffs' Third Amended Complaint asserts issues that are not severable from the factual issues in the Underlying Actions and, accordingly, allowing Plaintiffs' Declaratory Judgment Action to proceed contemporaneously with the Underlying Actions creates undue prejudice to the Defendants in defending the Underlying Actions.

### Fourth Defense to All Claims

Plaintiffs' claims in their Third Amended Complaint are barred, in whole or in part, due to the applicability of the equitable doctrines of waiver and/or estoppel.

### Fifth Defense to All Claims

Plaintiffs' Third Amended Complaint is barred by the equitable doctrine of laches.

## Sixth Defense to All Claims

Plaintiffs' Third Amended Complaint as it relates to this Defendant is improper, and  the allegations, affidavits, exhibits, arguments and authorities set forth and incorporated in paragraph 17 herein demonstrate a clear intent for this Defendant, in its capacity as the Diocese's appointed "Principal" and "Chief Executive Officer" for the operation of Roncalli High School, and an employee under the July 1, 1968 contract between the Bishop of Pueblo and the Marianist Province, to be an "additional insured," as well as a "person insured" under Policy Number CBP 43233.

## Seventh Defense to All Claims

Plaintiffs have failed to perform all requisite conditions precedent prior to seeking declaratory judgment relief.

## Eighth Defense to All Claims

This Defendant expressly reserves the right to assert such additional defenses as may be compelled through the course of discovery in this and the Underlying Actions, if this action is permitted to proceed.

## Ninth Defense to All Claims

Plaintiffs' Third Amended Complaint is barred in whole or in part due to the expiration of the statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, The Marianist Province of the United States, Inc. respectfully requests that this Court stay or dismiss Plaintiffs' Third Amended Complaint for Declaratory Judgment. In the event that this Court does not promptly stay or dismiss Plaintiffs' Third Amended Complaint, this Defendant requests that this Court enter judgment on the merits in favor of

Defendant The Marianist Province and against Plaintiffs, concerning the issues raised in Plaintiffs' Third Amended Complaint, and further, enter judgment as prayed for in this Defendant's Counterclaim and award this Defendant its attorney's fees, expert witness fees, costs, interest, expenses, and such other and further relief as this Court may deem just and proper.

DATED this 6th day of May, 2008.

GRIMSHAW & HARRING, P.C.

s/ William J. Brady
William J. Brady, Esq.
Lisa K. Mayers, Esq.
1700 Lincoln St., Suite 3800
Denver, CO  80219
Tele:  303-839-3800|   Fax:  303-839-3838
E-mail:  wmjbrady@grimshawharring.com

Attorneys For Defendant The Marianist Province
Of The United States, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

     I certify that on the 6th day of May, 2008, a true and correct copy of the above and foregoing **ANSWER TO 3rd AMENDED COMPLAINT** was served on the following parties in the manner indicated:

| | |
|---|---|
| Rachel H. Krayer, Esq.<br>Michael R. Gregg, Esq.<br>Merlo Kanofsky Brinkmeier & Gregg, Ltd.<br>208 S. LaSalle Street, Suite 950<br>Chicago, IL 60604<br>*Attorneys for Plaintiffs* | ☐ via First-Class U.S. Mail, postage prepaid<br>☐ via Hand Delivery<br>☐ via Facsimile Transmission<br>☐ via E-mail to rhk@merlolaw.com<br>☐ via E-mail to mrg@merlolaw.com<br>☒ via CM/ECF - USDC |
| Mark A. Pottinger, Esq.<br>Treece Alfrey Musat & Bosworth, P.C.<br>999-18th Street, Suite 1600<br>Denver, CO 80202<br>*Attorneys for Plaintiff North River Ins. Co.* | ☐ via First-Class U.S. Mail, postage prepaid<br>☐ via Hand Delivery<br>☐ via Facsimile Transmission<br>☐ via E-mail to mpottinger@tamblaw.com<br>☒ via CM/ECF - USDC |
| Brian J. Spano, Esq.<br>Jaclyn Casey, Esq.<br>Rothgerber Johnson & Lyons<br>1200 17th Street, Suite 3000<br>Denver, CO 80202<br>*Attorneys for Bishop of Pueblo* | ☐ via First-Class U.S. Mail, postage prepaid<br>☐ via Hand Delivery<br>☐ via Facsimile Transmission<br>☐ via E-mail to bspano@rothgerber.com<br>☐ via E-mail to jcasey@rothgerber.com<br>☒ via CM/ECF - USDC |
| Adam Horowitz, Esq.<br>Herman & Mermelstein, P.A.<br>18205 Biscayne Blvd., Suite 2218<br>Miami, FL 33160<br>*Attorneys for Remaining Defendants* | ☐ via First-Class U.S. Mail, postage prepaid<br>☐ via Hand Delivery<br>☐ via Facsimile Transmission<br>☐ via E-mail to ahorowitz@hermanlaw.com<br>☒ via CM/ECF - USDC |
| Alan G. Molk, Esq.<br>Law Firm of Alan G. Molk<br>6400 S. Fiddlers' Green Cir., Suite 1920<br>Englewood, CO 80111<br>*Attorneys for Remaining Defendants* | ☐ via First-Class U.S. Mail, postage prepaid<br>☐ via Hand Delivery<br>☐ via Facsimile Transmission<br>☐ via E-mail to amolk@molklaw.com<br>☒ via CM/ECF - USDC |

        s/       Julie A. Kronenberger
         Julie A. Kronenberger, Paralegal
         GRIMSHAW & HARRING, P.C.